IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE K. FORD-CLAYPOOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-0744-SSA-CV-W-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Janice K. Ford-Claypool seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on July 6, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff is a 52-year-old woman with an 11th grade education and past relevant work as an automobile salesperson.  She filed her application for disability on August 28, 2009, alleging a disability onset date of January 15, 2009.  Plaintiff alleges disability primarily due to right knee disorder, status-post knee replacement on September 23, 2009, and obesity.

The decision of the administrative law judge (ALJ) found plaintiff did suffer from the severe impairments of right knee disorder, status-post knee replacement on September 23, 2009, and obesity.  However, the ALJ found that these impairments did not meet a listing in 20 C.F.R., Part 404, Subpart P, Appendix 1, or support that plaintiff was totally disabled.  The ALJ determined that while plaintiff did suffer from impairments, the medical evidence and other evidence of record did not support the severity alleged by plaintiff.  Plaintiff was given a residual functional capacity (RFC) capable of performing a range of light work, with limitations to account for her impairments.  Plaintiff was determined capable of doing her past relevant work as an automobile salesperson.  In making this decision, the ALJ relied on testimony from a vocational expert who testified at the hearing that considering the demands of plaintiff's past relevant work and the RFC determined by the ALJ, plaintiff could perform her past relevant work as it is customarily performed.

2

Plaintiff alleges the ALJ erred in not giving controlling weight to the opinion of the treating physician, Dr. Kafka, and in improperly discounting plaintiff's credibility. The Commissioner argues the ALJ's determination of plaintiff's credibility is supported by substantial evidence, as is the weight assigned to the medical opinions of record.

Upon review, for the reasons set forth below, this Court finds the final decision of the Commissioner is supported by substantial evidence in the record as a whole.

The ALJ did not err in the weight given to the medical opinions of record. Specifically, the ALJ did not err in the decision not to give controlling weight to the Medical Source Statement of plaintiff's treating physician, Dr. Kafka. Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ properly discussed the reasons for discounting Dr. Kafka's opinion, specifically noting the lack of objective medical evidence to support the opinions of Dr. Kafka. The ALJ also properly discussed the basis for giving more weight to the opinion of Dr. Levine, citing this opinion as supported by the objective medical record. Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion); Heino, 578 F.3d 879 (ALJ properly credited other medical evaluations in the record over that of treating physician because those assessments were supported by better evidence within the record as a whole). It is further noted that the Appeals Council properly considered and discounted the opinion of Dr. Lofgreen which was submitted two months after the ALJ's decision, noting, like Dr. Kafka's opinion, this opinion was not supported by the objective medical evidence or even the physician's own examination.

The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on valid reasons. The ALJ properly considered the inconsistencies between plaintiff's subjective allegations and the objective medical evidence. See Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002). Credibility questions concerning a claimant's subjective testimony are primarily for the ALJ to decide, not the courts. Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

**Conclusion**

The issue in this case is not whether plaintiff had knee problems, but rather whether plaintiff's knee problems caused her to be permanently disabled from working. This Court finds that despite evidence that might sustain a different finding, the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record as a whole, and therefore, should be affirmed. <u>Baldwin</u>, 349 F.3d at 555 (even if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome).

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 13th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge